**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____
)
JALINSKI ADVISORY GROUP, INC.     )
)     Civil Action No.: 1:18-cv-010 (MAD/TWD)
    Plaintiff/Counter-Defendant,  )
)
v.             )    **JURY TRIAL DEMANDED**
)
DEL-SETTE CAPITAL MANAGEMENT,  )
LLC            )
)
    Defendant/Counter-Plaintiff.  )
_____)

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Del-Sette Capital Management, LLC ("Defendant") answers the Complaint as follows:

### Nature of Action and Relief Sought

1.     Defendant denies the allegations of Paragraph 1.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, denies the same.

3.     Defendant admits that it used in text the descriptive and/or generic phrase "financial quarterback" to refer to its owner Bill Del-Sette in a manner similar to how numerous third parties have used and continue to use this term prior to when Jalinski Advisory Group, Inc. ("Plaintiff" of "JAG") first started using and claiming trademark rights.  Defendant denies it used the phrase "financial quarterback" as a trademark or source identifier, and further denies the remaining allegations of Paragraph 3.

4.     Defendant denies the allegations of Paragraph 4.

5.      Defendant admits that Plaintiff is seeking injunctive and monetary relief against Defendant's alleged acts of federal trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of Lanham Act, 15 U.S.C. §1051 et seq.; and related alleged acts of trademark infringement, unfair competition, deceptive business practices and trademark dilution under New York law, including New York General Business Law §§ 133, 349 and 360-L, but denies that Defendant committed any such acts.

**The Parties**

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, denies the same.

7.      Defendant admits the allegations of Paragraph 7.

**Jurisdiction and Venue**

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant admits that this Court has personal jurisdiction over Defendant based upon its contacts with this forum and based on regularly and intentionally doing business here, but denies that it committed any act that gave rise to this lawsuit here.

10.     Defendant admits that venue is proper in this judicial district.

**Facts Common to All Claims**

**I.      Jalinski Advisory Group**

**A.  JAG's Brand and Services**

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies the same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies the same.

**B.      JAG's Asserted Trademark Rights**

14.     Defendant admits that Plaintiff is the listed as the owner of United States Serial Number 86353875 registered by the United States Patent and Trademark Office ("USPTO") on April 21, 2015, based on an application filed on July 31, 2014, for the word mark "The Financial Quarterback" in international class 41, for educational services, namely, conducting seminars in the fields of business, finance, investment, money management and financial planning; Entertainment services, namely, personal appearances by a radio personality and financial expert; Educational services, namely, providing educational speakers and motivational speakers in the fields of business, finance, investment, money management and financial planning; Entertainment services, namely, live televised and movie appearances by a professional entertainer in the nature of a radio personality; Entertainment services, namely, providing an ongoing radio program in the fields of business, finance, investment, money management and financial planning, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and, therefore, denies the same.

15.     Defendant admits that Plaintiff is listed with the USPTO as the current owner of United States Trademark Serial Number 77752160, registered by the USPTO on April 27, 2010, Registration No. 3782665, based on an application filed on June 4, 2009, for the word mark

"Financial Quarterback" in international class 36.  Defendant denies the listed services are "for

financial planning and investment advisory services, financial planning for retirement, and other

such financial services," on grounds the aforementioned description is not complete and/or

accurate and the USPTO records speak for itself.  Defendant also admits that Plaintiff is listed

with the USPTO as the owner of United States Trademark Serial Number 86314778, registered

by the USPTO on November 28, 2017, Registration No. 5346562, based on an application filed

on June 19, 2014, for the word mark "Financial Quarterback" in international class 36.

Defendant denies the listed services are for "financial planning and investment advisory services,

financial planning for retirement, and other such financial services" on grounds the

aforementioned description is not complete and/or accurate and the USPTO records speak for

itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of Paragraph 15 and, therefore, denies the same.

     16.    Defendant admits that Plaintiff is listed with the USPTO as the owner of United

States Trademark Serial Number 86318879, registered by the USPTO on November 28, 2017,

Registration No 5346563, based on an application filed on June 24, 2014, for the word mark

"Financial Quarterback" in international class 35.  Defendant denies the listed services are "for

connecting buyers and sellers of financial asserts, business management consulting," on grounds

the aforementioned description is not complete and/or accurate and the USPTO records speak for

itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of Paragraph 16 and, therefore, denies the same.

     17.    Defendant admits that Plaintiff is listed with the USPTO as the owner of pending

U.S. trademark applications, serial number 86314005 in international class 42; serial number

86318839 in international class 16, and serial number 86318944 in international class 9.

Defendant denies the listed services and/or goods are as follows "mobile application for providing financial advice and financial analysis," "printed publications in the fields of finance, investment, money management, and financial planning," and "downloadable computer software and electronic newsletters, publications and audio recordings in the field of financial analysis, and financial forecasting", on grounds the aforementioned descriptions are not complete and/or accurate and the USPTO records speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies the same.

## II.    Defendant's Activities

19.     Defendant admits that its renders financial management, investment management, investment advisory, financial planning, and financial advisory services to its clients located primarily in the Albany, New York and surrounding areas, and denies that it renders business management services anywhere.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and, therefore, denies the same.

20.     Defendant denies the allegations of Paragraph 20.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant admits the allegations of Paragraph 22.

23.     Defendant denies the allegations of Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24.

25.     Defendant denies the allegations of Paragraph 25.

**COUNT I**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. §1114(1))**
**(JAG's Class 41 Trademark)**

26.     Defendant repeats and realleges the responses set forth in Paragraphs 1-25 herein as if fully set forth in this Paragraph 26.

27.     Defendant denies the allegations of Paragraph 27.

28.     Defendant denies the allegations of Paragraph 28.

29.     Defendant denies the allegations of Paragraph 29.

30.     Defendant denies the allegations of Paragraph 30.

**COUNT II**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. §1114(1))**
**(JAG's Class 36 Trademark)**

31.     Defendant repeats and realleges the responses set forth in Paragraphs 1-30 herein as if fully set forth in this Paragraph 31.

32.     Defendant denies the allegations of Paragraph 32.

33.     Defendant denies the allegations of Paragraph 33.

34.     Defendant denies the allegations of Paragraph 34.

35.     Defendant denies the allegations of Paragraph 35.

**COUNT III**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. §1114(1))**
**(JAG's Class 35 Trademark)**

36.     Defendant repeats and realleges the responses set forth in Paragraphs 1-35 herein as if fully set forth in this Paragraph 36.

37.     Defendant denies the allegations of Paragraph 37.

38.     Defendant denies the allegations of Paragraph 38.

39.     Defendant denies the allegations of Paragraph 39.

40.     Defendant denies the allegations of Paragraph 40.

### COUNT IV
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act
### (15 U.S.C. §1125(a))
### (JAG's Class 41 Trademark)

41.     Defendant repeats and realleges the responses set forth in Paragraphs 1-40 herein

as if fully set forth in this Paragraph 41.

42.     Defendant denies the allegations of Paragraph 42.

43.     Defendant denies the allegations of Paragraph 43.

44.     Defendant denies the allegations of Paragraph 44.

45.     Defendant denies the allegations of Paragraph 45.

46.     Defendant denies the allegations of Paragraph 46.

### COUNT V
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act
### (15 U.S.C. §1125(a))
### (JAG's Class 36 Trademark)

47.     Defendant repeats and realleges the responses set forth in Paragraphs 1-46 herein

as if fully set forth in this Paragraph 47.

48.     Defendant denies the allegations of Paragraph 48.

49.     Defendant denies the allegations of Paragraph 49.

50.     Defendant denies the allegations of Paragraph 50.

51.     Defendant denies the allegations of Paragraph 51.

52.     Defendant denies the allegations of Paragraph 52.

## COUNT VI
## Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act
## (15 U.S.C. §1125(a))
## (JAG's Class 35 Trademark)

53.     Defendant repeats and realleges the responses set forth in Paragraphs 1-52 herein as if fully set forth in this Paragraph 53.

54.     Defendant denies the allegations of Paragraph 54.

55.     Defendant denies the allegations of Paragraph 55.

56.     Defendant denies the allegations of Paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

58.     Defendant denies the allegations of Paragraph 58.

## COUNT VII
## Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. §1125(c))
## (JAG's Class 41 Trademark)

59.     Defendant repeats and realleges the responses set forth in Paragraphs 1-58 herein as if fully set forth in this Paragraph 59.

60.     Defendant denies the allegations of Paragraph 60.

61.     Defendant denies the allegations of Paragraph 61.

62.     Defendant denies the allegations of Paragraph 62.

63.     Defendant denies the allegations of Paragraph 63.

64.     Defendant denies the allegations of Paragraph 64.

## COUNT VIII
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. §1125(c))**
**(JAG's Class 36 Trademark)**

65.     Defendant repeats and realleges the responses set forth in Paragraphs 1-64 herein as if fully set forth in this Paragraph 65.

66.     Defendant denies the allegations of Paragraph 66.

67.     Defendant denies the allegations of Paragraph 67.

68.     Defendant denies the allegations of Paragraph 68.

69.     Defendant denies the allegations of Paragraph 69.

70.     Defendant denies the allegations of Paragraph 70.

## COUNT IX
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. §1125(c))**
**(JAG's Class 35 Trademark)**

71.     Defendant repeats and realleges the responses set forth in Paragraphs 1-70 herein as if fully set forth in this Paragraph 71.

72.     Defendant denies the allegations of Paragraph 72.

73.     Defendant denies the allegations of Paragraph 73.

74.     Defendant denies the allegations of Paragraph 74.

75.     Defendant denies the allegations of Paragraph 75.

76.     Defendant denies the allegations of Paragraph 76.

## COUNT X
## <u>Common Law Trademark Infringement and Unfair Competition</u>

77.     Defendant repeats and realleges the responses set forth in Paragraphs 1-76 herein as if fully set forth in this Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78.

79.     Defendant denies the allegations of Paragraph 79.

80.     Defendant denies the allegations of Paragraph 80.

81.     Defendant denies the allegations of Paragraph 81.

82.     Defendant denies the allegations of Paragraph 82.

## COUNT XI
## <u>Unlawful Deceptive Acts and Practices under New York General Business Law §349</u>

83.     Defendant repeats and realleges the responses set forth in Paragraphs 1-82 herein as if fully set forth in this Paragraph 83.

84.     Defendant denies the allegations of Paragraph 84.

85.     Defendant denies the allegations of Paragraph 85.

86.     Defendant denies the allegations of Paragraph 86.

87.     Defendant denies the allegations of Paragraph 87.

88.     Defendant denies the allegations of Paragraph 88.

## COUNT XII
## <u>Trademark Infringement under New York General Business Law §133</u>

89.     Defendant repeats and realleges the responses set forth in Paragraphs 1-88 herein as if fully set forth in this Paragraph 89.

90.     Defendant denies the allegations of Paragraph 90.

91.     Defendant denies the allegations of Paragraph 91.

92.     Defendant denies the allegations of Paragraph 92.

93.     Defendant denies the allegations of Paragraph 93.

94.     Defendant denies the allegations of Paragraph 94.


## COUNT XIII
## Dilution under New York General Business Law §360-L

95.     Defendant repeats and realleges the responses set forth in Paragraphs 1-94 herein as if fully set forth in this Paragraph 95.

96.     Defendant denies the allegations of Paragraph 96.

97.     Defendant denies the allegations of Paragraph 97.

98.     Defendant denies the allegations of Paragraph 98.

99.     Defendant denies the allegations of Paragraph 99.

100.    Defendant denies the allegations of Paragraph 100.


## AFFIRMATIVE DEFENSES

101.    The Complaint fails to state a claim upon which relief can be granted.

102.    The claims made in the Complaint are barred, in whole or in part, on grounds the Plaintiff has no enforceable trademark rights in any of the asserted marks in the Complaint.

103.    The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

104. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of some or all marks at issue.

105. The claims made in the Complaint are barred, in whole or in part, on grounds no likelihood of confusion or false suggestion of a connection exists between THE FINANCIAL QUARTERBACK or FINANCIAL QUARTERBACK marks and Defendant's business and marks.

106. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

107. The claims made in the Complaint are barred, in whole or in part, on grounds no acts or actions or use or display of any mark by Defendant creates a false designation of origin in violation of any right alleged to be held or owned by Plaintiff.

108. The claims made in the Complaint are barred, in whole or in part, on grounds no acts or actions or use or display of any mark by Defendant is an act of unfair competition in violation of any right alleged to be held or owned by Plaintiff.

109. The claims made in the Complaint are barred, in whole or in part, on grounds no acts or actions or use or display of any mark by Defendant creates a false designation of origin in violation of any right alleged to be held or owned by Plaintiff.

110. The claims made in the Complaint are barred, in whole or in part, by the doctrines of estoppel.

111. The claims made in the Complaint are barred, in whole or in part by the doctrine of laches.

112. The claims made in the Complaint are barred, in whole or in part, by acquiescence.

113.    The claims made in the Complaint are barred, in whole or in part, because to the extent any use by Defendant occurred, any use by Defendant was prior to Plaintiff's alleged use for at least one of the asserted registrations and, therefore, Defendant has superior rights in the phrase "financial quarterback" in connection with those goods and/or services and may continue to use this mark without interference by Plaintiff.

114.    The claims made in the Complaint are barred, in whole or in part, because even if protectable, THE FINANCIAL QUARTERBACK or FINANCIAL QUARTERBACK marks are so diluted due to third party use that the marks are entitled to only the narrowest scope of protection.

115.    The claims made in the Complaint are barred, in whole or in part, because THE FINANCIAL QUARTERBACK or FINANCIAL QUARTERBACK marks are not famous as that term is defined in 15 U.S.C. §1125(c)(1).

116.    The claims made in the Complaint are barred, in whole or in part, because Plaintiff has only used the words "financial quarterback" in a descriptive manner consistent to how it is used in the financial industry and not as a trademark or source identifier of its services.

117.    The claims made in the Complaint are barred, in whole or in part, because Plaintiff does not own the marks at issue.

118.    The claims made in the Complaint are barred in whole or in part by the doctrine of unclean hands.

119.    The claims made in the Complaint are barred in whole or in part by virtue of fraud on the United States Patent and Trademark Office in the prosecution and/or maintenance of the asserted registrations and pending applications based on the intentional withholding of information that THE FINANCIAL QUARTERBACK or FINANCIAL QUARTERBACK

marks were widely used prior to Plaintiff's use and/or registration by people and companies offering, for example, accounting, tax, business management, financial, financial management, financial planning and financial advisory services and education relating to the same.

120.    The claims made in the Complaint are barred, in whole or in part, because the phrase "financial quarterback" does not create, in and of itself, a distinctive commercial impression apart from the generic meaning of the mark. The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used. Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that THE FINANCIAL QUARTERBACK and FINANCIAL QUARTERBACK marks mean the services identified in the asserted registrations and pending applications.  These marks are used in its ordinary meaning to describe a particular type of wealth management and financial services.

121.    The claims made in the Complaint are barred, in whole or in part, because THE FINANCIAL QUARTERBACK and FINANCIAL QUARTERBACK marks are generic because the relevant purchasing public understands "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

122.    The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent, because Defendant did not adopt the asserted marks in bad faith or with deceptive intent, and because Defendant's use of the marks at issue, if any, was not willful and was without knowledge of Plaintiff's asserted rights.

123.    The claims made in the Complaint are barred, in whole or in part, because Plaintiff has failed to mitigate any alleged damages.

124.     The claims made in the Complaint against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant (no causation).

125.     The claims made in the Complaint are barred, in whole or in part, because Plaintiff has suffered no irreparable harm.

126.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

127.     Without admitting that the Complaint states a claim, any remedies are limited to the extent there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

128.     Defendant alleges that no punitive, exemplary damages or attorney fees should be awarded arising out of the claims made in the Complaint under the law of the United States and New York.

129.     Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

130.     Defendant/Counter-Plaintiff, Del-Sette Capital Management, LLC ("Del-Sette") files this counterclaim against Plaintiff/Counter-Defendant Jalinski Advisory Group, Inc. ("Jalinski") and in support of these counterclaims would show unto the Court the following:

**PARTIES**

131.     Del-Sette is a limited liability corporation organized and existing under the laws of the State of New York with its principal place of business at 1332 Union Street, Schenectady, NY 12308.

132.     Upon information and belief, Jalinski is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.

**JURISDICTION**

133.     These counterclaims are brought under the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the Lanham Act, 15 U.S.C. 1051, *et seq.,* and New York statutory and common law.

134.     This Court has subject matter jurisdiction over these counterclaims by virtue of 15 U.S.C. §§ 1119 and 1121 (Lanham Act), 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1338 (Patent, Trademark and Copyright), and 28 U.S.C. § 1367 (Supplemental Jurisdiction), and general principles of ancillary and pendent jurisdiction.

135.     The Court has personal jurisdiction over Jalinski and venue is proper in this District because, *inter alia,* Jalinski submitted to personal jurisdiction of this Court and venue in this District by commencing this action.

**BACKGROUND**

136.     In the complaint in this action, Jalinski claims to be the owner of trademark and/or trade dress rights in and to certain asserted FINANCIAL QUARTERBACK and THE

FINANCIAL QUARTERBACK word marks that are the subject of United States Trademark Registration Nos. 3782665, 4722740, 5346562, and 5346563.

137.    Del-Sette offers financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management services to its clients located primarily in the Albany, New York and surrounding areas.

138.    Del-Sette assists clients in retirement planning and in growing, managing and serving their wealth through individualized personal service.

139.    Del-Sette uses the following logo as a trademark and source identifier for its services:



140.    Del-Sette also uses the trademark HAPPINESS IN RETIREMENT® as a source identifier and owns the corresponding URL, www.happinessinretirement.com.

141.    Del-Sette is listed with the USPTO as the owner of United States Trademark Serial Number 86570777, registered by the USPTO on November 10, 2015, Registration No 4850237, based on an application filed on March 20, 2015, for the word mark "HAPPINESS IN RETIREMENT®" in international class 36 for "financial planning for retirement" services.

142.    Del-Sette does not use, and has never used, the phrase "Financial Quarterback" as a trademark or service mark.

143.    At one point in time, Del-Sette included the following descriptive statement on its "Linked In" page:

> Bill serves as the financial quarterback for families in the Northeast and across the United States. In many cases, Bill works for multiple generations in the same family.

In 2012, Bill founded *Del-Sette* Capital Management as a company dedicated to and focused on fee-based investment management and...

144.    On October 26, 2017, Del-Sette received a letter from Jalinski, through its attorneys, demanding that it cease use of the phrase "Financial Quarterback" identified in Paragraph 128 above on the grounds that Del-Sette's use infringed upon various trademark registrations for the mark FINANCIAL QUARTERBACK.  A copy of a draft Complaint was attached thereto.

145.    In response to this letter, Del-Sette promptly removed any reference to the descriptive term "financial quarterback" from its Linked-In profile.

146.    Prior to receipt of the letter dated October 26, 2017, Del-Sette had never heard of Jalinski and was not aware of Jalinski's purported trademark claim to the FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK marks.

147.    As set forth more fully in Plaintiff's Complaint, there is an actual and ongoing controversy between Jalinski and Del-Sette as to whether any alleged use by Del-Sette of the phrase "financial quarterback" infringes upon Jalinski's rights under federal and state law in its registered FINANCIAL QUARTERBACK marks.

## JALINSKI'S TRADEMARK REGISTRATIONS

148.    Attached hereto as **Exhibit A** is a true and accurate summary of Jalinski's portfolio of registered U.S. trademarks and pending applications for the mark FINANCIAL QUARTERBACK according to the online database of the U.S. Patent and Trademark Office. Namely:

| Reg. No. | Mark | Reg. Date | Goods (First Use in Commerce) |
|---|---|---|---|
| 3,782,665 | FINANCIAL QUARTERBACK<br><br>DISCLAIMER: "FINANCIAL" | 4/27/2010 | **IC 036.** Financial advice and consultancy services; Financial investment in the field of Securities; Financial planning; Financial planning and investment advisory services; Financial planning for retirement; Financial services, namely, assisting others with the completion of financial transactions for stocks, bonds, securities and equities; Financial services, namely, providing an investment option available for variable annuity and variable life insurance products<br><br>FIRST USE IN INTERSTATE COMMERCE: 10/1/2009 |
| 4722740 | THE FINANCIAL QUARTERBACK<br><br>DISCLAIMER: "FINANCIAL" | 4/21/2015 | **IC 041.** Educational services, namely, conducting seminars in the fields of business, finance, investment, money management and financial planning; Entertainment services, namely, personal appearances by a radio personality and financial expert; Educational services, namely, providing educational speakers and motivational speakers in the fields of business, finance, investment, money management and financial planning; Entertainment services, namely, live televised and movie appearances by a professional entertainer in the nature of a radio personality; Entertainment services, namely, providing an ongoing radio program in the fields of business, finance, investment, money management and financial planning.<br><br>FIRST USE IN INTERSTATE COMMERCE: 9/10/2008 |
| 5346562<br><br>(Serial No 86314778) | THE FINANCIAL QUARTERBACK<br><br>DISCLAIMER: "FINANCIAL" | 11/28/2017 | **IC 036.** Providing financial information in the fields of finance, investment, money management and financial planning; providing news, information and commentary in the field of financial investments and financial markets; financial services, namely, financial consultation and financial planning<br><br>FIRST USE IN INTERSTATE COMMERCE: 9/10/2008 |
| 5346563 | THE FINANCIAL QUARTERBACK<br><br>DISCLAIMER: | 11/28/2017 | **IC 035.** Connecting buyers and sellers of financial assets; matching borrowers and potential lenders in the field of consumer, business and mortgage lending; business |

| Reg. No. | Mark | Reg. Date | Goods (First Use in Commerce) |
|---|---|---|---|
| | "FINANCIAL" | | advisory services, consultation and information; business management consulting; business strategic planning services<br><br>FIRST USE IN INTERSTATE COMMERCE: 9/10/2008 |
| 86315004<br><br>*Intent-To-Use* | THE FINANCIAL QUARTERBACK<br><br>DISCLAIMER: "FINANCIAL" | Filed: 6/24/2014 | **IC 042.** Providing an online non-downloadable Internet-based system application featuring technology enabling users to use financial tools for calculation and analysis of financial information, all in the field of finance, investment, financial advice and financial planning |
| 86318944 | THE FINANCIAL QUARTERBACK<br><br>DISCLAIMER: "FINANCIAL" | Filed: 6/24/2014 | **IC 009.** Downloadable electronic newsletters, magazines, reports, books and audio recordings in the field of financial analysis and financial forecasting concerning stocks, bonds, commodities, real estate, currencies and interest rates; Downloadable documents and audio recordings in the fields of business and personal finance provided via e-mail; computer software for providing financial management, investment tracking, portfolio analysis, investment reporting, investment performance management, financial instrument trading and tracking, account reconciliation and accounting; pre-recorded audiotapes and compact discs featuring information on subjects of real estate, securities, financial planning, monetary affairs, investment banking, commodity investments and mutual fund investments<br><br>FIRST USE IN INTERSTATE COMMERCE: 9/10/2008 |
| 86318839 | THE FINANCIAL QUARTERBACK<br><br>DISCLAIMER: "FINANCIAL" | **ABANDONED** | **IC 016.** Printed publications, namely, newsletters, magazines, brochures and books in the fields of business, finance, investment, money management and financial planning |

149.     Jalinski's FINANCIAL QUARTERBACK and THE FINANCIAL

QUARTERBACK registrations are subject to cancellation on the grounds that Jalinski's mark is a

generic term and/or merely descriptive.

150.     The phrase "financial quarterback" is a common term of art used in the wealth

management industry.  As one commentator described it:

> **"Financial quarterback" has become a cliché in the wealth management
> industry.** For years, coaches and marketing gurus have urged advisors to become
> that central financial point person who coordinates and executes all investment and
> financial decisions for wealthy clients. Playing quarterback means being lead
> coordinator of client's other financial service providers and givers-of-advice, such as
> accountants, estate attorneys, trust officers, etc.
>
> But all clichés have a grain of truth, and if you listened to the coaches and the
> gurus, good for you, because it turns out enthusiasm for the quarterback role is
> growing among the super-rich, according to research released Wednesday by
> Morgan Stanley and Campden Research. Campden surveyed 53 North American
> ultra-high-net-worth individuals, nearly two-thirds of whom had net worth of more
> than $100 million.
>
> In fact, the quarterback idea is relatively new. It didn't really catch on with the rich
> until after the market went into a tailspin in 2007. Even back in 2010, only a
> quarter of ultra-affluent families were using a quarterback. Today, that number has
> grown to 42 percent, according to Campden.

*See* http://www.wealthmanagement.com/wealth-planning/really-rich-really-want-financial-

quarterbacks, dated June 27, 2012.

151.     The term "financial quarterback" is widely used as a descriptive and generic term

throughout the United States by the general population, and in the wealth management industry,

to refer to the types of services identified in Jalinski's FINANCIAL QUARTERBACK

registration.

152.     Upon information and belief, the term "financial quarterback" has been used by

third parties since, at least, before Jalinski's date of purported use in interstate commerce, i.e.

September 10, 2008.

153.    For example, but not meant to be limiting, excerpts from online articles, books and websites include the following use of the term of art "financial quarterback":

- An article entitled "*Managing Expectations: The Key to Wealth Management,*" states, Large financial institutions define wealth-management services broadly, covering everything from serving as the "**financial quarterback**" to providing "buy/sell" investment decisions and stock picking. Although some CPAs have transitioned to the buy/sell professional, the financial quarterback is a more natural position… (The CPA Journal; September 1, 2002) (emphasis added)

- An article entitled, "*Idaho Trust is growing, one relationship at a time*," states,

  The trust company operates as a "**financial quarterback**" for its clients, says Tom Prohaska, who is president of the company, which is… (Journal of Business; December 9, 1999) (emphasis added)

- An article entitled, "*Increase earnings by selling embedded options*", states,

  …So when is such a transaction attractive; when, as **financial quarterback**, can one take what the defense gives? The decision turns on volatility levels. Consider the chart. Academics...  (Bank News; June 1, 2001) (emphasis added)

- An article entitled, **Schwab Pilot to Offer Client Control**, states,

  "Our investment consultants are going to operate as a kind of **financial quarterback**," Mr. Salesky said.  However, "the ultimate decision on the investment style lies with the customer," he... (American Banker; March 20, 2001) (emphasis added)

- An article entitled, "*Not In It For The Money*," states,

  Barschi is a financial planner in the purest use of that term, the **financial 'quarterback'** on her clients' teams. She advises on risk management, checks wills and trusts, helps people budget and... (Financial Planning; June 1, 1998)(emphasis added)

- An article entitled, "*Wealth-Firm Deals Are Just Starting: Wells*", states

  "Private bankers will be the **financial quarterback**," Mr. Fox said. "Our goal is to increase our sales force by hiring brokers, portfolio managers, and trust..."  (American Banker; August 12, 2002) (emphasis added).

- An article entitled, "*Yale locks up endowment growth title*", states

"the university is running one of the biggest funds of any kind in the world. But Harvard's **financial quarterback** has to endure lots of negative publicity. The university discloses the top salaries paid to its money managers... (The Boston Herald; October 4, 2005) (emphasis added)

- An article entitled, "*The Thrill of the Chase,*" states,

  Are you serving as a **financial quarterback** for your affluent clients, providing solutions for the multidimensional aspects of their financial affairs... (Registered Rep.; December 1, 2004)(emphasis added)

- An article entitled, "*Coming Soon To New York-- Lawyers In 'Our' Business?(attorneys to form Multi-Disciplinary Practices in New York state,*" states

  [F]inancial services already have banks, insurers, brokers, and CPAs jockeying for position as their clients' **financial "quarterback."** Attorneys are entering the fray directly in the few states where they are permitted to accept commissions... (National Underwriter Life & Health-Financial Services Edition; October 15, 2001) (emphasis added)

- An article entitled, "*Helping your clients plan in the midst of their grief,*" states

  ...dying client to talk to all his other advisers -- including accountants and attorneys. "Then you can act as the **financial quarterback,**" Katz said. (Accounting Today; August 24, 1998) (emphasis added)

- A book entitled *The Emotion Behind Money: Building Wealth from the Inside Out,* (2008), by Julie Murphy Casserly, discusses the benefits of having your owner "financial quarterback." (emphasis added)

- An article entitled "*New course for financial 'quarterback*", states

  Wealth managers "may require different ways of getting paid. If you are that **quarterback** managing a range of services, you can't necessarily be paid on a commission basis." (January 2008) (emphasis added)[1]

- A Wall Street Journal article entitled A '*Quarterback' to Oversee Your Investments*" that states: Do you need a **financial quarterback**? The more money high-net-worth investors have, the more advisers they tend to accumulate: attorneys, accountants, financial planners, money managers, insurance agents, personal bankers. Corralling all of them can feel like a full-time job. Enter the **quarterback**—someone responsible for making sure all of

---

[1] http://www.pressreader.com/canada/national-post-latest-edition/20080115/282638913261193

the advisers are on the same page when it comes to meeting an investor's needs. The person acts as a liaison between the advisers and sets the wealth-management agenda, keeping clients up-to-date on their investment portfolio, estate planning and tax issues (September 14, 2012) )(emphasis added)[2]

- An article entitled "*Super Bowl finances: Do you have a quarterback?*" (January 26, 2012) http://www.aaronkatsman.com/super-bowl-finances/

- An article entitled "*You be your own financial quarterback when it comes to retirement planning*" (April 2014)[3]

- An article entitled "*Is Wealth Management Only for the Wealthy?* (April 2015) states,

  "What is a **Financial Quarterback**? The **financial quarterback** is an increasingly popular role that is usually provided by the financial advisor. This professional is responsible for making sure the various service providers deliver coordinated advice that is free of duplication and conflicting advice. For example, the financial planner and the CPA provide contradictory tax advice. If you do not have a **quarterback**, you have to take on this role yourself, which is usually a bad idea." [4]

- "*Is Your Investment Firm Your Financial Quarterback*? David Lyon, CEO of Main Street Financial, says clients see them as a **financial quarterback** coordinating all their investment needs with accountants, lawyers, and other service providers." (April 2016) (emphasis added)[5]

- A white paper called *Wealth Managers to Become More like **Financial Quarterbacks*** (2014). The paper reveals that the next generation of successful wealth managers will be more like **financial quarterbacks** versus traditional wealth managers. No longer will they set long-term strategies and evaluate them quarterly or annually, they will evaluate situations in real-time and make changes where appropriate. Tools and on-demand data that help them better understand the entire client relationship, not simply transaction-based systems, are the keys to the future. (emphasis added)[6]

- A webpage with the header "*How to Build A Great Financial Team Start with Your Financial Quarterback*" that states "At Whitnell, our goal as wealth

---

[2] https://www.wsj.com/articles/SB10000872396390443779404577643571065682662

[3] https://www.insidetoronto.com/community-story/4480269-you-be-your-own-financial-quarterback-when-it-comes-to-retirement-planning/

[4] http://blog.paladinregistry.com/advisors-2/is-wealth-management-only-for-the-wealthy-upd-apr-2015/

[5] http://bizcasthq.com/video/is-your-investment-firm-your-financial-quarterback/

[6] https://www.lifehealth.com/wealth-managers-become-like-financial-quarterbacks/

managers is to provide the comprehensive approach to wealth building that I've described here. If you are an existing Whitnell client, it is likely you've realized the comfort of knowing your **financial quarterback** is watching over all of your interests and guiding the team." (emphasis added)[7]

- An article called "*Playing **Financial Quarterback** in Your Own Life"*, that states:

   ..And while a football team and a football game are certainly different than your financial life, I was still reminded of the importance of being the financial "quarterback" in your own life. The quarterback is responsible for understanding who is on the field, providing instructions to each player for what to do next, and also soliciting input for strategy from others (amongst many other things). So if we consider what it takes to be an effective **financial quarterback** who is actively taking a role in your financial freedom, some important questions come to mind to when considering how to effectively put together a financial plan to support your goals and your life. (February 2015) (emphasis added)[8]

154.    Upon information and belief, none of these articles, books or websites reference Jalinski's services.

155.    Upon information and belief, one or more of these articles, books or websites used the term "financial quarterback" descriptively prior to Jalinski's alleged dates of first use in commerce and/or interstate commerce.

156.    Upon information and belief, one or more of these articles, books or websites used the term "financial quarterback" generically or descriptively prior to Jalinski's filing dates for the asserted trademarks.

157.    Prior to Jalinski's use, the phrase "financial quarterback" was and continues to be a descriptive and/or generic term of art used by third parties in the financial services marketplace.

158.    The phrase "financial quarterback" does not create, in and of itself, a distinctive

---

[7] http://www.whitnell.com/blog/detail/how-to-build-a-great-financial-team
[8] http://financiallyauthentic.com/playing-financial-quarterback-life/

commercial impression apart from the generic or descriptive meaning of the mark.

159.    The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used.

160.    Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that Jalinski's mark means the services identified in the registration.  The registered mark is used in its ordinary meaning to describe a particular type of wealth management and financial services.

161.    Jalinski's mark is generic because the relevant purchasing public understands "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

162.    For these reasons, Jalinski's FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK marks are generic and/or merely descriptive and should be cancelled.

163.    To the extent Jalinski's FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK marks are not generic and/or merely descriptive, they are entitled to a very narrow scope of trademark protection.

## COUNTS

### COUNT I- DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### No Likelihood of Confusion

164.    Defendant/Counter-Plaintiff repeats and incorporates by reference each and every allegation contained in the paragraphs hereinabove, as if set forth fully herein.

165.    There is no likelihood of confusion between Plaintiff/Counter-Defendant's asserted marks and Defendant/Counter-Plaintiff's use of the phrase "financial quarterback."

166.    Plaintiff/Counter-Defendant has no trademark rights in the FINANCIAL QUARTERBACK Marks in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management services in Class 036 or Class 035.

167.    To the extent Plaintiff/Counter-Defendant has trademark rights in the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks, if at all, the asserted marks are generic, weak and/or descriptive, and entitled to narrow protection.

168.    To the extent Plaintiff/Counter-Defendant has trademark rights in the FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks, its rights are limited to entertainment services in Class 041, only.

169.    There are multiple third party prior and continuous uses of the term "financial quarterback" in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management services.

170.    The term "financial quarterback" is generic and/or merely descriptive in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management.

171.    Defendant/Counter-Plaintiff does not use the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks in commerce as a trademark or source identifier.

172.    To the extent any use occurred, Defendant/Counter-Plaintiff used the term "financial quarterback" in a descriptive manner only.

173.    To the extent any use occurred, any use by Defendant/Counter-Plaintiff of the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks was fair use.

174.    To the extent any use occurred, Defendant/Counter-Plaintiff's use of the term "financial quarterback" and Plaintiff/Counter-Defendant's asserted Marks have coexisted in the marketplace without any actual confusion.

175.    Any use by Defendant/Counter-Plaintiff of the term "financial quarterback" is not likely to cause confusion, mistake, or deception, or confuse the relevant public as to source, sponsorship, or affiliation with Plaintiff/Counter-Defendant.

176.    There is a significant difference in how Defendant/Counter-Plaintiff's use of the term "financial quarterback" and Plaintiff/Counter-Defendant's asserted Marks are actually used in commerce, including the difference in the services and/or goods, customers and channels of trade.

177.    Defendant/Counter-Plaintiff does not provide entertainment services.

178.    Defendant/Counter-Plaintiff does not provide services in the same geographic location as Plaintiff/Counter-Defendant.

179.    Plaintiff/Counter-Defendant also claims that Defendant/Counter-Plaintiff's use of "financial quarterback" dilutes its FINANCIAL QUARTERBACK Marks in violation of 15 U.S.C. § 1125(c).

180.    Defendant/Counter-Plaintiff does not violate the federal dilution statute at least because (a) the FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK marks are not famous marks as defined by statute; and (b) the marks of the parties are sufficiently distinct so as not to cause dilution.

181.    Defendant/Counter-Plaintiff would be damaged, and is being damaged, by enforcement of Plaintiff/Counter-Defendant's asserted marks against Defendant/Counter-Plaintiff.

182.    Defendant/Counter-Plaintiff does not infringe any existing and valid trademark right of the Plaintiff/Counter-Defendant in FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK under the Lanham Act, state statue or common law.

183.    Defendant/Counter-Plaintiff requests that the Court declare that its use of "financial quarterback" does not infringe any right of the Plaintiff/Counter-Defendant.

184.    At least for the reasons stated herein, Defendant/Counter-Plaintiff's use of the "financial quarterback" phrase does not violate any of Plaintiff/Counter-Defendant's rights under federal or state law.

185.    Defendant/Counter-Plaintiff is entitled to the relief it is requesting as a matter of law and equity.

## COUNT II
## Cancellation on Grounds Marks are Merely Descriptive and/or Generic
## 15 U.S.C. § 1119

186.    Defendant/Counter-Plaintiff repeats and incorporates by reference each and every allegation contained in the paragraphs hereinabove, as if set forth fully herein.

187.    Plaintiff/Counter-Defendant's Trademark Reg. Nos. 4722740, 5346562, 5346563 are not incontestable and therefore are subject to cancellation for any available statutory grounds.

188.    Prior to Plaintiff/Counter-Defendant's use, the phrase "financial quarterback" was and continues to be a descriptive and/or generic term of art used by third parties in the financial services marketplace.

189.     Plaintiff/Counter-Defendant's FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK Marks are descriptive in that the mark immediately describes the services offered under that mark and Plaintiff/Counter-Defendant's mark has not become "distinctive of [its] [services] in commerce." 15 U.S.C. § 1052(f).

190.     Accordingly the asserted FINANCIAL QUARTERBACK Marks are invalid, and Trademark Reg. Nos. 4722740, 5346562, and 5346563 should be cancelled.

191.     Furthermore, the phrase "financial quarterback" does not create, in and of itself, a distinctive commercial impression apart from the generic or descriptive meaning of the mark.

192.     The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used.

193.     Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that Plaintiff/Counter-Defendant's marks mean the services identified in the registrations.

194.     The registered marks are used in its ordinary meaning to describe a particular type of wealth management and financial services.

195.     Plaintiff/Counter-Defendant's mark is generic because the relevant purchasing public understands "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

196.     For these reasons, Plaintiff/Counter-Defendant's FINANCIAL QUARTERBACK marks, Trademark Reg. Nos. 3,782,665, 4722740, 5346562, and 5346563 are generic and should be cancelled.

**PRAYER FOR RELIEF**

WHEREFORE, Del-Sette prays for judgment as follows:

A.   The Court to enter judgement in its favor and against Plaintiff/Counter-Defendant,
     dismissing with prejudice each of the claims asserted by Plaintiff,

B.   That the Court declare, adjudge and decree that Defendant/Counter-Plaintiff has not
     infringed any rights that Plaintiff/Counter-Defendant may have in the purported
     FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

C.   That the Court declare, adjudge and decree that Plaintiff/Counter-Defendant has not been
     damaged in any way by the use of  the purported FINANCIAL QUARTERBACK or
     THE FINANCIAL QUARTERBACK Marks by Defendant/Counter-Plaintiff;

D.   That the Court declare, adjudge and decree that the use of term "financial quarterback"
     by Defendant/Counter-Plaintiff does not infringe any rights that Plaintiff/Counter-
     Defendant may have in the purported FINANCIAL QUARTERBACK or THE
     FINANCIAL QUARTERBACK Marks;

E.   That the Court order cancellation of the asserted FINANCIAL QUARTERBACK and
     THE FINANCIAL QUARTERBACK Marks;

F.   That the Court award damages and other equitable relief by virtue of Plaintiff/Counter-
     Defendant's unfair competition under New York state law;

G.   That the Court award Defendant/Counter-Plaintiff its damages, costs, disbursements and
     attorney fees as allowed by law and equity;

H.   That the Court award Defendant/Counter-Plaintiff such other and further relief in its
     favor as the Court deems appropriate.

## Jury Demanded

Defendant/Counter-Plaintiff Del-Sette hereby demands a jury trial on all claims and counterclaims.

Dated:  February 6, 2018                    Respectfully submitted by:

**s/ Brett M. Hutton**
Brett M. Hutton, Esq. (*NDNY Bar No. 510995*)
Alana M. Fuierer, Esq. (*NDNY Bar No. 512985*)
Attorneys for Defendant/Counter-Plaintiff
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579
Email: brett.hutton@hrfmlaw.com
Email: alana.fuierer@hrfmlaw.com

## CERTIFICATE OF SERVICE

I certify that on the 6th day of February, 2018, I electronically filed the foregoing Defendant/Counter-Plaintiff's **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following registered users:

> Maurice N. Ross, Esq.
> Attorney for Plaintiff/Counter-Defendant
> BARTON LLP
> 420 Lexington Avenue, Suite 1830
> New York, NY 10170
> Telephone: (212) 687-6262
> Facsimile: (212) 687-3667
> Email: mross@bartonesq.com

February 6, 2018                    **s/ Brett M. Hutton_____**
                                   Brett M. Hutton, Esq. (*NDNY Bar No. 510995*)
                                   Alana M. Fuierer, Esq. (*NDNY Bar No. 512985*)
                                   Attorneys for Defendant/Counter-Plaintiff
                                   HESLIN ROTHENBERG FARLEY & MESITI P.C.
                                   5 Columbia Circle
                                   Albany, NY 12203
                                   Telephone: (518) 452-5600
                                   Facsimile:  (518) 452-5579
                                   Email: brett.hutton@hrfmlaw.com
                                   Email: alana.fuierer@hrfmlaw.com