## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC.<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>DEL-SETTE CAPITAL MANAGEMENT, LLC,<br><br>    Defendant/Counter-Plaintiff. | Case No. 1:18-cv-010 (MAD)(TWD)<br><br>**ANSWER TO COUNTERCLAIMS** |

Plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. ("JAG"), by and through its undersigned counsel, hereby responds to the allegations in the Counterclaims of defendant and counterclaim plaintiff Del-Sette Capital Management, LLC ("Defendant"), dated February 6, 2018 ("Counterclaims"), as follows:

### AS TO "PARTIES"

130.    JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 130 of the Counterclaims.

131.    JAG admits the allegations contained in Paragraph 131 of the Counterclaims.

### AS TO "JURISDICTION"

132.    Paragraph 132 of the Counterclaims states a legal conclusion to which no response is required.

133.    Paragraph 133 of the Counterclaims states a legal conclusion to which no response is required.

134.    Paragraph 134 of the Counterclaims states a legal conclusion to which no response is required.

135. Paragraph 135 of the Counterclaims states a legal conclusion to which no response is required, except JAG admits that it commenced this action in this judicial District.

## AS TO "BACKGROUND"

136. JAG admits the allegations contained in Paragraph 136 of the Counterclaims.

137. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the primary location of Defendant's clients, but admits that Defendant provides financial planning, management and advisory and investment management services.

138. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 138 of the Counterclaims.

139. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 139 of the Counterclaims.

140. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 140 of the Counterclaims.

141. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 141 of the Counterclaims.

142. JAG denies the allegations contained in Paragraph 142 of the Counterclaims.

143. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 143 of the Counterclaims.

144. JAG admits the allegations contained in Paragraph 144 of the Counterclaims insofar as JAG's counsel sent a cease and desist letter to Defendant in connection with Defendant's unlawful use of "Financial Quarterback."

145. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 145 of the Counterclaims.

146. JAG denies the allegations contained in Paragraph 146 of the Counterclaims.

147. JAG admits the allegations contained in Paragraph 147 of the Counterclaims insofar as Defendant has denied infringing upon JAG's registered marks.

### AS TO "JALINSKI'S TRADEMARK REGISTRATIONS"

148. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 148 of the Counterclaims, and refers the Court to the documents or databases referenced therein for their full content and context.

149. Paragraph 149 contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies that its marks are generic, merely descriptive, or otherwise cancellable.

150. JAG denies the allegations contained in Paragraph 150 of the Counterclaims, and further refers the Court to the documents referenced in Paragraph 150 for their full content and context.

151. JAG denies the allegations contained in Paragraph 151 of the Counterclaims.

152. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 152 of the Counterclaims, and further denies that any such purported usage of the terms referenced in Paragraph 152 was or would have been lawful in respect of JAG's marks and usage of such terms.

153. JAG denies the allegations contained in Paragraph 153 of the Counterclaims, and further refers the Court to the documents referenced in Paragraph 153 for their full content and context.

154. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 154 of the Counterclaims, refers the Court to the

documents referenced in Paragraphs 153 and 154 for their full content and context, and further denies that any such purported usage of the terms referenced in Paragraphs 153 and 154 was or would have been lawful in respect of JAG's marks and usage of such terms.

155. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 155 of the Counterclaims, refers the Court to the documents referenced in Paragraphs 153 and 155 for their full content and context, and further denies that any such purported usage of the terms referenced in Paragraphs 153 and 155 was or would have been lawful in respect of JAG's marks and usage of such terms.

156. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 156 of the Counterclaims, refers the Court to the documents referenced in Paragraphs 153 and 156 for their full content and context, and further denies that any such purported usage of the terms referenced in Paragraphs 153 and 156 was or would have been lawful in respect of JAG's marks and usage of such terms.

157. Paragraph 157 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 157 of the Counterclaims.

158. Paragraph 158 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 158 of the Counterclaims.

159. Paragraph 159 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 159 of the Counterclaims.

160. Paragraph 160 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 160 of the Counterclaims.

161. JAG denies the allegations contained in Paragraph 161 of the Counterclaims.

162. JAG denies the allegations contained in Paragraph 162 of the Counterclaims.

163. JAG denies the allegations contained in Paragraph 163 of the Counterclaims.

### AS TO "COUNT I – DECLARATORY JUDGEMENT OF NON-INFRINGEMENT"

164. JAG incorporates all preceding paragraphs as if fully set forth herein.

165. JAG denies the allegations contained in Paragraph 165 of the Counterclaims.

166. JAG denies the allegations contained in Paragraph 166 of the Counterclaims.

167. JAG denies the allegations contained in Paragraph 167 of the Counterclaims.

168. JAG denies the allegations contained in Paragraph 168 of the Counterclaims.

169. JAG denies the allegations contained in Paragraph 169 of the Counterclaims.

170. JAG denies the allegations contained in Paragraph 170 of the Counterclaims.

171. JAG denies the allegations contained in Paragraph 171 of the Counterclaims.

172. JAG denies the allegations contained in Paragraph 172 of the Counterclaims.

173. JAG denies the allegations contained in Paragraph 173 of the Counterclaims.

174. JAG denies the allegations contained in Paragraph 174 of the Counterclaims.

175. JAG denies the allegations contained in Paragraph 175 of the Counterclaims.

176. JAG denies the allegations contained in Paragraph 176 of the Counterclaims.

177. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 177 of the Counterclaims.

178. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 178 of the Counterclaims.

179. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 179 of the Complaint

180. JAG denies the allegations contained in Paragraph 180 of the Counterclaims.

181. JAG denies the allegations contained in Paragraph 181 of the Counterclaims.

182. JAG denies the allegations contained in Paragraph 182 of the Counterclaims.

183. Paragraph 183 of the Counterclaims contains conclusions of law and argument to which no response is required.  To the extent a response is required, JAG denies the allegations contained in Paragraph 183 of the Counterclaims.

184. JAG denies the allegations contained in Paragraph 184 of the Counterclaims.

185. JAG denies the allegations contained in Paragraph 185 of the Counterclaims.

### AS TO "COUNT II – CANCELLATION ON GROUNDS MARKS ARE MERELY DESCRIPTIVE AND/OR GENERIC

186. JAG incorporates all preceding Paragraphs as if fully set forth herein.

187. JAG denies the allegations contained in Paragraph 187 of the Counterclaims.

188. JAG denies the allegations contained in Paragraph 188 of the Counterclaims.

189. JAG denies the allegations contained in Paragraph 189 of the Counterclaims.

190. JAG denies the allegations contained in Paragraph 190 of the Counterclaims.

191. JAG denies the allegations contained in Paragraph 191 of the Counterclaims.

192. JAG denies the allegations contained in Paragraph 192 of the Counterclaims.

193. JAG denies the allegations contained in Paragraph 193 of the Counterclaims.

194. JAG denies the allegations contained in Paragraph 194 of the Counterclaims.

195. JAG denies the allegations contained in Paragraph 195 of the Counterclaims.

196. JAG denies the allegations contained in Paragraph 196 of the Counterclaims.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaims, JAG asserts the following affirmative defenses. By alleging the defenses set forth below, JAG does not intend to alter the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, JAG pleads all affirmative defenses in the alternative, and they do not constitute an admission of liability or that the Defendant is entitled to any relief whatsoever. JAG reserves the right to raise additional affirmative defenses as they become known to it through discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each and every claim for relief therein, fail to allege facts sufficient to state a claim for relief against JAG.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant has not sustained any injury or damage as a result of any act or conduct of JAG and JAG has at all times acted with innocent intent.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred on the grounds waiver, laches and estoppels.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred on the basis that this Court lacks primary jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

JAG's marks are valid and enforceable.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has infringed on JAG's marks.

## JURY TRIAL DEMAND

JAG demands a trial by jury on all issues so triable.

**WHEREFORE**, plaintiff and counterclaim defendant JAG demands judgment in its favor and against defendant and counterclaim plaintiff Del-Sette Capital Management, LLC, as follows:

A. Dismissing the Counterclaims in their entirety with prejudice;

B. Judgment that Defendant has:

  a. Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

  b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

  c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

  d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of New York;

  e. Willfully committed deceptive acts in violation of Section 349 of the New York General Business Law;

  f. Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law; and

  g. Willfully diluted JAG's "Financial Quarterback Trademark" in violation of Section 260 of the New York General Business Law.

C. An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark", including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark."

D. An order directing the destruction of all advertising materials related to goods and/or services marketed using Defendant's "Financial Quarterback Trademark," including on the Internet;

E. An award of Defendant's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

F. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York    **BARTON LLP**
    March 13, 2018

                  By: */s/Maurice N. Ross*
                     Maurice N. Ross

                 420 Lexington Avenue, 18th Floor
                 New York, New York 10170
                 (212) 687-6262
                 mross@bartonesq.com

                 *Attorneys for Plaintiff*
                 *Jalinski Advisory Group, Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that on the 13th day of March, 2018, I caused to be electronically filed the foregoing Answer to Counterclaims of plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following registered users:

   Brett M. Hutton, Esq.
   Alana M. Fuierer, Esq.
   HESLIN ROTHENBERG FARLEY & MESITI P.C.
   5 Columbia Circle
   Albany, New York 12203
   (518) 452-5600
   (518) 452-5579 (Fax)
   *brett.hutton@hrfmlaw.com*
   *alana.fuierer@hrfmlaw.com*

   *Attorneys for Defendant*
   *Del-Sette Capital Management, LLC*

Dated: March 13, 2018            */s/ Maurice N. Ross*
                BARTON LLP
                420 Lexington Avenue, 18th Floor
                New York, New York 10170
                (212) 687-6262
                *mross@bartonesq.com*

                *Attorneys for Plaintiff*
                *Jalinski Advisory Group, Inc.*